UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PEDRO F.,

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

CASE NO. 2:24-cv-00061-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 16.

After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") harmfully erred by finding Plaintiff not disabled. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

//

ORDER ON PLAINTIFF'S COMPLAINT - 1

## I. PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. *See* Administrative Record ("AR") 168–86. Plaintiff's first hearing was held before ALJ Tom Morris ("ALJ Morris") on August 8, 2014. AR 35–77. On February 20, 2015, ALJ Morris issued a written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 13–34. Plaintiff filed a Complaint in this District seeking judicial review of the decision on July 8, 2016. AR 1068–70. On March 2, 2017, District Judge Robert S. Lasnik reversed and remanded the Commissioner's decision based on a stipulation by the parties. AR 1078–79.

A new hearing was held before ALJ Morris on October 24, 2018. AR 996–1041. ALJ Morris again found Plaintiff not disabled. AR 967–995. Plaintiff appealed to this District a second time. AR 1996–99. Plaintiff filed a second application while his appeal was pending, upon which he was found to be disabled as of June 22, 2020. AR 2210–23. Magistrate Judge J. Richard Creatura reversed the appeal of Plaintiff's first application on April 22, 2021, finding that ALJ Morris erred in his evaluation of Dr. Russell's opinion. AR 2005–16.

Plaintiff's third and final hearing was held before ALJ Glenn Meyers ("the ALJ") on November 16, 2022. AR 1906–38. The ALJ found Plaintiff not disabled on September 8, 2023. AR 1863–94. Plaintiff appealed the ALJ's decision, filing a Complaint in this Court on January 18, 2024. Dkt. 4. Defendant filed the sealed Administrative Record on March 18, 2024. Dkt. 7.

//

//

## II. BACKGROUND

Plaintiff was born in 1963 and was 45 years old on the alleged date of disability onset of March 27, 2009. AR 1869, 1881. Plaintiff has a limited education and most recently worked in an auto body shop in 2009. AR 423, 1881, 2025. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of schizoaffective disorder, post-traumatic stress disorder ("PTSD"), substance abuse disorder, and depression. AR 1869. However, the ALJ found Plaintiff was not disabled because he had the following Residual Functional Capacity ("RFC"):

> to perform a full range of work at all exertional levels, but with the following non-exertional limitations: he is able to understand, remember, and carry out simple instructions and tasks and is able to use judgment to make simple, work-related decisions. He cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas. He can deal with only rare changes in the work setting. He can have no contact with the public, is capable of working in proximity to but not in coordination with coworkers, and can have occasional contact with supervisors. He cannot work at heights or in proximity to hazardous conditions.

AR 1872.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises a single issue: whether the ALJ properly evaluated the medical evidence. Dkt. 12 at 1.

### A. Assessment of Medical Opinions

Under the applicable legal standard, the Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and if the opinion is contradicted by another doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are

supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).[1]

However, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)). To reject such an opinion, an ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

        **1.**      **The October 2009 Opinion of Wayne Dees, Psy.D., P.S.**

Dr. Dees completed a psychological evaluation of Plaintiff on behalf of the Washington State Department of Social and Health Services on October 22, 2009. AR 531–38. Plaintiff reported a history of abuse both as a child and an adult, drug use, incarceration, and homelessness. AR 531–33. Plaintiff complained of severe depression and anxiety, with two previous suicide attempts. *Id.* Plaintiff presented "with marginal grooming and hygiene" and was paranoid, hypomanic, hyperverbal with pressured speech, and "unable to focus on the evaluation at times." AR 535. Dr. Dees recorded several statements from Plaintiff, including that "he was the 'smartest kid in school' until his family put something in his food and ears that changed him" and was "being followed by highly connected people from Puerto Rico who are out to hurt or kill him." AR 531, 533. Dr. Dees described Plaintiff as "tangential and hyperverbal, [with] psychomotor agitation" and noted that Plaintiff was unable to complete a 4-step command, able

---

[1] Because Plaintiff applied for benefits prior to March 27, 2017, this Court will proceed under the rules in 20 C.F.R. §§ 404.1527 and 416.927. For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c).

ORDER ON PLAINTIFF'S COMPLAINT - 4

to complete "serial seven" subtractions with three errors, and exhibited impaired judgment and insight. AR 536.

Dr. Dees found that Plaintiff's mental health symptoms impair his judgment, cause him to be easily overwhelmed, and cause mood instability creating difficulties dealing with others. AR 536. Dr. Dees found marked limitations on Plaintiff's ability to exercise judgment and make decisions, perform routine tasks, relate appropriately to co-workers and supervisors, interact appropriately in public contacts, and respond appropriately to and tolerate the pressures and expectations of a normal work setting, with moderate limitations in three other categories. *Id*. Dr. Dees found that Plaintiff's use of alcohol and drugs (cannabis and cocaine) exacerbated his mental health symptoms, while noting that Plaintiff's symptoms predate and are "clearly differentiated" from the effects of substance abuse. AR 535. Dr. Dees recommended that Plaintiff receive a protective payee because of a risk that he might divert funds to purchase drugs and alcohol. AR 538. Dr. Dees concluded that Plaintiff's prognosis for returning to work was poor and recommended that Plaintiff receive substance abuse counseling, individual mental health counseling, and psychiatric medication management. AR 537.

The ALJ gave the opinion "partial weight," rejecting all marked and some moderate limitations opined by Dr. Dees. AR 1878. First, the ALJ noted that Dr. Dees had only reviewed one prior evaluation (from Dr. James Czysz in 2008) in preparation for his own evaluation. *Id.* The ALJ found Dr. Dees' opinion undermined by his lack of access to a contradictory medical record. *Id.* The ALJ cited one appointment in 2009 "documenting a normal mood and ability to be redirected" and the Commissioner cites several other records with similar findings. *Id.* (citing AR 595); Dkt. 16 at 7 (citing AR 573, 598, 600, 603).

ORDER ON PLAINTIFF'S COMPLAINT - 5

1         Dr. Dees' opinion is supported by the record, which is predominated by numerous

2  appointments and examinations where Plaintiff exhibited the same symptoms that Dr. Dees

3  observed. *See* AR 2499, 2506, 2515, 2535, 2539, 2578, 2721, 3688, 3702 (perseverative,

4  tangential thought form with delusions, pressured speech, restless behavior, poor judgment).

5  Other records show similar statements to those Plaintiff made to Dr. Dees, which healthcare

6  providers similarly determined were evidence of paranoia or significant mental health symptoms.

7  *See* AR 2506–07 (Plaintiff "focused on his belief that he has many enemies and people try to

8  mess with him all around the city" and that "nature protect[s] him from these people"); AR 2577

9  (Plaintiff stated he "know[s] there are people that want to do bad things to [him]" and "getting in

10 the way of his work" and "became increasingly off-topic and grandiose"); AR 2720 ("Client

11 frequently made paranoid statements about someone or something that is 'putting food in me or

12 something in me to affect my mind.' Client non-specific and vague when asked to elaborate.").

13 Although a handful of records cited by the ALJ and Commissioner document less severe

14 symptoms, the medical record primarily supports Dr. Dees' findings.

15        Second, the ALJ found Dr. Dees' opinion contradicted Plaintiff's activities of daily

16 living. AR 1878. Specifically, the ALJ noted that Plaintiff stated he could cook, shop, dress

17 himself, and went "to Home Depot or Lowes to look for work almost daily." *Id.* (citing AR 348,

18 563, 608). But Plaintiff's belief that he can properly care for himself may be inaccurate—a fact

19 Plaintiff's providers have acknowledged, including in the records cited by the ALJ:

20    Claimant reported being capable of cooking, grocery shops, bathing, dressing, and
      grooming independently. However, he noted he doesn't bathe all that frequently.
21    Reportedly, he "sometimes forgets" to attend his medical appointments. While he
      expressed an ability to manage his finances presently, his clinical presentation (and
22    prior reports received) suggest him needing [sic] a payee to manage his funds
      appropriately at this present time.
23

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

AR 608. Plaintiff's self-care activities were not a valid reason to discount the opinion. *But see Barnes v. Comm'r of Soc. Sec.*, No. 2:16-CV-00402-MKD, 2018 WL 545722, at *5 (E.D. Wash. Jan. 24, 2018) (ALJ properly considered plaintiff's perceived ability where there was "no indication in the record of a tendency to overstate Plaintiff's abilities or that the ALJ failed to take into consideration the Plaintiff's limited insight.").

The same is true for Plaintiff's attempts to find work. The District Court previously addressed this issue with respect to Dr. Russell's opinion:

> Here, the ALJ cited an earlier treatment intake summary, and the ALJ characterized plaintiff's report therein as going to Home Depot and Lowes "to look for work daily." However, the cited treatment record reflects that plaintiff reported "wa[king] up in the morning and *if he has enough energy*[,] he goes to Home Depot or Lowes to look for jobs." The cited record also reflects that plaintiff reported often having low energy, being tired, and sometimes missing appointments due to lack of motivation. Plaintiff also told Dr. Russell that he went to Home Depot or Lowes to look for work but that he "made too many enemies there to go back." Thus, it appears that the ALJ mischaracterized the cited report as plaintiff going to Home Depot or Lowes *daily*, despite that the records reflect that he did so only "sometimes" when he "has enough energy." Without further explanation, it is unclear how plaintiff's irregular attempts to seek work show that plaintiff is capable of sustaining an ordinary routine or fulltime employment.

AR 2012–13 (internal citations omitted). This Court finds the same mischaracterization apparent in the ALJ's discussion of Dr. Dees' opinion here. *See* AR 1878 (finding the opinion inconsistent "with the claimant's ability to go to Home Depot or Lowes to look for work almost daily") (citing AR 563). Similarly, Plaintiff's irregular attempts to seek work do not contradict any limitations opined by Dr. Dees. *See Littlepaige v. Berryhill*, No. C17-823 RSM, 2018 WL 2181623, at *3 (W.D. Wash. May 11, 2018) ("Mr. Littlepaige testified that he went to Home Depot 'a couple of times a month' to find odd jobs such as cutting grass or hedges. This minimal work activity does not undermine Dr. Hopfenbeck's opinion.").

ORDER ON PLAINTIFF'S COMPLAINT - 7

   Third, the ALJ found that the marked limitations opined by Dr. Dees "were based entirely on the claimant's self-reports about his behavior." AR 1878. An ALJ may discount a medical opinion if it is heavily based on discredited self-reports and not clinical evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

   Here, Dr. Dees' opinion is supported by substantial clinical evidence, including his observations of Plaintiff's behavior and the results of Plaintiff's mental status exam. AR 531–38. In many cases, Dr. Dees directly tied individual findings to the relevant evidence. *See, e.g.*, AR 536 (finding Plaintiff's ability "to respond appropriately to and tolerate the pressures and expectations of a normal work setting" markedly limited, noting that Plaintiff is easily overwhelmed and citing Plaintiff's pressured speech and tangential thought process). The ALJ's determination that the opinion was based entirely on Plaintiff's self-reports is unfounded.

   Fourth, the ALJ discounted the opinion because "Dr. Dees did not explain if, and to what extent, he considered the claimant's substance use in making these high ratings." AR 1878. Again, the ALJ's finding is unsupported. Dr. Dees thoroughly discussed Plaintiff's substance abuse and its impact on his symptoms. In the section titled "Substance Abuse," Dr. Dees found that Plaintiff's mental health issues were "clearly differentiated, but likely exacerbated by alcohol/drug use" and wrote that "use of alcohol and drugs masks symptoms and creates difficulty in differentiating bipolar vs depression vs other mood disorder. [Mental health] issues appear to predate substance abuse." AR 535. More specifically, Dr. Dees noted that Plaintiff's substance abuse impairs his ability (1) to exercise judgment and make decisions and (2) to maintain appropriate behavior in a work setting. AR 536. Dr. Dees also found Plaintiff "at risk for diverting funds to purchase drugs

and alcohol" and recommended a protective payee for Plaintiff. AR 538. This is clearly sufficient, and it's unclear what more Dr. Dees could have written regarding Plaintiff's substance abuse and its impact on his impairments. The ALJ's rejection of Dr. Dees' opinion is not supported by substantial evidence.

2. **Remaining Medical Opinions**

Plaintiff also contests the ALJ's evaluation of the opinions of Drs. Russell, Czysz, Hopfenbeck, and Mitchell. Dkt. 12 at 3–8, 13–18. The Court has reviewed Plaintiff's remaining arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

**B.   Remedy**

Plaintiff asks that the Court remand this case for an award of benefits. Dkt. 12 at 18. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The proper course is generally to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remanding for a direct award of benefits is appropriate where:

ORDER ON PLAINTIFF'S COMPLAINT - 9

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

As evidenced by Dr. Dees' opinion, Plaintiff's substance abuse is an outstanding issue that frustrates the first and third prongs of the above test. If Plaintiff is found disabled, further proceedings are necessary to determine if plaintiff's drug and alcohol abuse is material to the finding of disability. *Fielder v. Comm'r of Soc. Sec. Admin.*, No. 3:14-CV-00523-MA, 2015 WL 1648987, at *7 (D. Or. Apr. 13, 2015) (citing 42 U.S.C. §§ 423(d)(2)(C)); *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

While this Court is mindful "that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay," there is no rule "requiring that evidence be credited as true after multiple remands." *Hector M. C. v. Saul*, No. EDCV 19-00944-RAO, 2020 WL 978736, at *5 (C.D. Cal. Feb. 28, 2020) (quoting *Giddings v. Astrue*, 333 F. App'x 649, 655 (2d Cir. 2009)). The Court finds that a remand for further proceedings is appropriate.

### IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the

//

//

Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 16th day of October, 2024.

Grady J. Leupold
United States Magistrate Judge